# U.S. District Court
## District of Nebraska (8 Omaha)
## CIVIL DOCKET FOR CASE #: 8:23−cv−00010−RFR−SMB

DeGeer v. Union Pacific Railroad Co.
Assigned to: Chief Judge Robert F. Rossiter, Jr.
Referred to: Magistrate Judge Susan M. Bazis
 Case in other court:  USDC−NE, 8:16−cv−00381
Cause: 42:12101 Americans with Disabilities Act

Date Filed: 01/06/2023
Date Terminated: 06/21/2023
Jury Demand: Plaintiff
Nature of Suit: 445 Civil Rights:
Americans with Disabilities –
Employment
Jurisdiction: Federal Question

**Plaintiff**

**Todd DeGeer**                                    represented by    **Charles A. Delbridge**
NICHOLS, KASTER LAW FIRM
80 South 8th Street
4700 IDS Center
Minneapolis, MN 55402
612−256−3200
Email: cdelbridge@nka.com
*TERMINATED: 03/07/2023*
*ATTORNEY TO BE NOTICED*

**Jacob Harksen**
NICHOLS, KASTER LAW FIRM
80 South 8th Street
4700 IDS Center
Minneapolis, MN 55402
612−256−3255
Email: jharksen@nka.com
*ATTORNEY TO BE NOTICED*

**James H. Kaster**
NICHOLS, KASTER LAW FIRM
80 South 8th Street
4700 IDS Center
Minneapolis, MN 55402
612−256−3200
Fax: 612−338−4878
Email: kaster@nka.com
*ATTORNEY TO BE NOTICED*

**Lucas J. Kaster**
NICHOLS, KASTER LAW FIRM
80 South 8th Street
4700 IDS Center
Minneapolis, MN 55402
612−256−3200
Email: lkaster@nka.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Union Pacific Railroad Co.** | represented by | **Addison C. McCauley** |

BAIRD, HOLM LAW FIRM
1700 Farnam Street
Suite 1500
Omaha, NE 68102–2068
402–344–0500
Fax: 402–344–0588
Email: amccauley@bairdholm.com
*ATTORNEY TO BE NOTICED*

**Mark J. Goldsmith**
BAIRD, HOLM LAW FIRM
1700 Farnam Street
Suite 1500
Omaha, NE 68102–2068
(402) 344–0500
Fax: (402) 344–0588
Email: mgoldsmith@bairdholm.com
*ATTORNEY TO BE NOTICED*

**Scott P. Moore**
BAIRD, HOLM LAW FIRM
1700 Farnam Street
Suite 1500
Omaha, NE 68102–2068
(402) 344–0500
Fax: (402) 344–0588
Email: spmoore@bairdholm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/2023 | 1 | COMPLAINT with jury demand against Union Pacific Railroad Co. ( Filing fee $ 402, receipt number ANEDC–4781080), by Attorney James H. Kaster on behalf of Todd DeGeer(Kaster, James) (Entered: 01/06/2023) |
| 01/06/2023 | 2 | TEXT NOTICE OF JUDGES ASSIGNED: Senior Judge Joseph F. Bataillon and Magistrate Judge Susan M. Bazis assigned. In accordance with 28 U.S.C. 636(c)(2), the parties are notified that, if all parties consent, a magistrate judge may conduct a civil action or proceeding, including a jury or nonjury trial, subject to the courts rules and policies governing the assignment of judges in civil cases. See Fed. R. Civ. P. 73; NEGenR 1.4. (LRM) (Entered: 01/06/2023) |
| 01/06/2023 | 3 | Summons Requested as to Union Pacific Railroad Co. regarding Complaint 1 . (Kaster, James) (Entered: 01/06/2023) |

| | | |
|---|---|---|
| 01/06/2023 | | Remark – Public (Related Case): This notice serves to advise the parties that a plaintiff noted this case as related to another pending or closed case in this court. If a case is noted as related on the cover sheet or case opening screen when filed, the clerk assigns it to the district judge who handled the earlier pending or closed case. See NEGenR 1.4(a)(4)(B). Any challenge to operation of this rule must be made pursuant to NEGenR 1.4(a)(7). (LRM) (Entered: 01/06/2023) |
| 01/06/2023 | 4 | Summons Issued as to defendant Union Pacific Railroad Co. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (LRM) (Entered: 01/06/2023) |
| 01/12/2023 | 5 | SUMMONS Returned Executed upon defendant Union Pacific Railroad Co. on 1/9/2023. (Kaster, James) (Entered: 01/12/2023) |
| 01/30/2023 | 6 | MOTION Reassignment of Case Directed to Chief Judge Pursuant to NEGenR 1.4(a)(2) by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 01/30/2023) |
| 01/30/2023 | 7 | BRIEF in support of MOTION Reassignment of Case Directed to Chief Judge Pursuant to NEGenR 1.4(a)(2) 6 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Moore, Scott) (Entered: 01/30/2023) |
| 01/30/2023 | 8 | *Defendant's Affirmative Defenses and* ANSWER to Complaint by Union Pacific Railroad Co. (Moore, Scott) (Entered: 01/30/2023) |
| 01/31/2023 | 9 | TEXT NOTICE REGARDING CORPORATE DISCLOSURE STATEMENT by Deputy Clerk as to Defendant Union Pacific Railroad Co. Pursuant to Fed. R. Civ. P. 7.1, non–governmental corporate parties are required to file Corporate Disclosure Statements (Statements). The parties shall use the form Corporate Disclosure Statement, available on the Web site of the court at http://www.ned.uscourts.gov/forms/. If you have not filed your Statement, you must do so within 15 days of the date of this notice. If you have already filed your Statement in this case, you are reminded to file a Supplemental Statement within a reasonable time of any change in the information that the statement requires.(TCL) (Entered: 01/31/2023) |
| 01/31/2023 | 10 | CORPORATE DISCLOSURE STATEMENT pursuant to Fed. R. Civ. P. 7.1 identifying Corporate Parent Union Pacific Corporation for Union Pacific Railroad Co.. by Attorney Scott P. Moore on behalf of Defendants Union Pacific Railroad Co., Union Pacific Corporation.(Moore, Scott) (Entered: 01/31/2023) |
| 02/13/2023 | 11 | RESPONSE regarding MOTION Reassignment of Case Directed to Chief Judge Pursuant to NEGenR 1.4(a)(2) 6 by Attorney Lucas J. Kaster on behalf of Plaintiff Todd DeGeer.(Kaster, Lucas) (Entered: 02/13/2023) |
| 02/13/2023 | 12 | DECLARATION regarding Response 11 by Attorney Lucas J. Kaster on behalf of Plaintiff Todd DeGeer. (Attachments: # 1 Exhibit 1 – Defendant Union Pacifics Motion & Brief for Summary Judgment in the Jimmy Smithson v Union Pacific Railroad Company matter Case No. 5:21–cv–01225–XR filed on December 19, 2022, # 2 Exhibit 2 – Defendant Union Pacifics Motion & Brief for Summary Judgment in |

| | | |
|---|---|---|
| | | the Robert Zaragoza v Union Pacific Railroad Company matter, Case No. 3:21−cv−287−KC filed on December 19, 2022)(Kaster, Lucas) (Entered: 02/13/2023) |
| 02/17/2023 | 13 | REPLY BRIEF in support of MOTION Reassignment of Case Directed to Chief Judge Pursuant to NEGenR 1.4(a)(2) 6 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 02/17/2023) |
| 02/20/2023 | 14 | MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* by Attorney Charles A. Delbridge on behalf of Plaintiff Todd DeGeer.(Delbridge, Charles) (Entered: 02/20/2023) |
| 02/20/2023 | 15 | BRIEF in support of MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 by Attorney Charles A. Delbridge on behalf of Plaintiff Todd DeGeer.(Delbridge, Charles) (Entered: 02/20/2023) |
| 02/20/2023 | 16 | STATEMENT regarding: MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 *Plaintiff Statement of Undisputed Facts In Support of Motion for Partial Summary Judgment* by Attorney Charles A. Delbridge on behalf of Plaintiff Todd DeGeer.(Delbridge, Charles) (Entered: 02/20/2023) |
| 02/20/2023 | 17 | DECLARATION regarding MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 , Statement, 16 , Brief 15 by Attorney Charles A. Delbridge on behalf of Plaintiff Todd DeGeer. (Attachments: # 1 Exhibit 1 – First Amended Complaint, Harris v. Union Pacific R.R. Co., No. 8:16−cv−381 ECF No. 20 (D. Neb.), # 2 Exhibit 2 – Pls. Mem. in Supp. of Mot. for Class Certification, Harris, No. 8:16−cv−381 ECF No. 241, # 3 Exhibit 3 – Class Declarations, Harris, No. 8:16−cv−381 ECF No. 248–33, # 4 Exhibit 4 – 2020.05.01 Letter from David Schlesinger to EEOC regarding Union Pacific Railroad Company, # 5 Exhibit 5 – 2020.03.06 Todd Degeer EEOC Charge of Discrimination, # 6 Exhibit 6 – 2023.01.05 EEOC Right to Sue Letter, # 7 Exhibit 7 – Compilation of Defendants written discovery responses from Harris v. Union Pacific R.R. Co., No. 8:16−cv−381 (D. Neb.) highlighted and bookmarked for the Courts convenience, # 8 Exhibit 8 – 2017.07.07 Email from Scott Moore to Nichols Kaster., # 9 Exhibit 9 – Def.s Fourth Supp. Answers to Interrogs, Set 1, # 10 Exhibit 10 – Second Class List, # 11 Exhibit 11 – 2018.02.25 Email from Allison Balus to Nichols Kaster, # 12 Exhibit 12 – Third Class List, # 13 Exhibit 13 – Def.s Fifth Supp. Answers to Interrogs, Set 1, # 14 Exhibit 14 – 2018.04.09 Letter from Allison Balus to Nichols Kaster, # 15 Exhibit 15 – Pls. Reply in Supp. of Mot. for Class Certification, Harris, No. 8:16−cv−381 ECF No. 289, # 16 Exhibit 16 – Pl.s Second Am. Answers to Def.s Second Interrogs, # 17 Exhibit 17 – Def.s Br. in Oppn to Mot. for Class Certification, Harris, No. 8:16−cv−381 ECF No. 259, # 18 Exhibit 18 – 2019.02.07 Letter from James Kaster to Defense Counsel, # 19 Exhibit 19 – Union Pacifics Pet. For Permission to Appeal, Harris, No. 19−8006 (8th Cir. Feb. 20, 2019), # 20 Exhibit 20 – Opening Br. for Appellant, Harris, No. 19−1514 (8th Cir. Apr. 25, 2019), # 21 Exhibit 21 – 2021.01.05 Letter from James Kaster to Defense Counsel, |

| | | |
|---|---|---|
| | | # 22 Exhibit 22 – Def.s Br. in Supp. of Mot. for Summ. J., Blankinship v. Union Pac. R.R. Co., No. CV−21−00072−TUC−RM (D. Ariz.),<br># 23 Exhibit 23 – Def.s Br. in Supp. of Mot. for Summ. J., Donahue v. Union Pac. R.R. Co., No. 21−cv−00448−MMC (N.D. Cal.),<br># 24 Exhibit 24 – Def.s Br. in Supp. of Mot. for Summ. J., DeFries v. Union Pac. R.R. Co., No. 3:21−cv−00205−SB (D. Or.),<br># 25 Exhibit 25 – Def.s Br. in Supp. of Mot. for Summ. J., Smithson v. Union Pac. R.R. Co., No. SA−21−CV−01225−XR (W.D. Tex.),<br># 26 Exhibit 26 – Def.s Br. in Supp. of Mot. for Summ. J., Zaragoza v. Union Pac. R.R. Co., No. EP−21−CV−287−KC (W.D. Tex.))(Delbridge, Charles) (Entered: 02/20/2023) |
| 03/01/2023 | 18 | ORDER granting Union Pacific Railroad's Co's 6 Motion for Reassignment. The Clerk of Court is directed to randomly redraw the Article III district judge and reassign as necessary. Ordered by Chief Judge Robert F. Rossiter, Jr. (MKR) (Entered: 03/01/2023) |
| 03/01/2023 | 19 | REASSIGNMENT ORDER – In accordance with the Order entered today (Filing No. 18), a random draw was conducted in this matter, and this case is reassigned to Chief District Judge Robert F. Rossiter, Jr. for disposition and remains assigned to Magistrate Judge Susan M. Bazis for judicial supervision. Ordered by Chief Judge Robert F. Rossiter, Jr. (SLP) (Entered: 03/01/2023) |
| 03/06/2023 | 20 | NOTICE of Appearance by Attorney Jacob Harksen on behalf of Plaintiff Todd DeGeer (Harksen, Jacob) (Entered: 03/06/2023) |
| 03/06/2023 | 21 | MOTION to Withdraw as Attorney *for Charles Delbridge* by Attorney Charles A. Delbridge on behalf of Plaintiff Todd DeGeer.(Delbridge, Charles) (Entered: 03/06/2023) |
| 03/07/2023 | 22 | TEXT ORDER granting 21 Motion to Withdraw as Attorney. Charles A. Delbridge is terminated as counsel of record. The Clerk of Court shall terminate future notices to him in this case. Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 03/07/2023) |
| 03/07/2023 | 23 | UNOPPOSED MOTION to Extend *Deadlines Regarding Plaintiff's* MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 03/07/2023) |
| 03/08/2023 | 24 | TEXT ORDER granting 23 Unopposed Motion to Extend. Defendant shall respond to Plaintiff's Motion for Partial Summary Judgment 14 by April 3, 2023. Plaintiff shall submit his reply by April 24, 2023. Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 03/08/2023) |
| 03/21/2023 | 25 | REPORT of Rule 26(f) Planning Meeting by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 03/21/2023) |
| 03/22/2023 | 26 | RESTRICTED TELEPHONE CONFERENCE INSTRUCTIONS AND ORDER. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.2(e). Ordered by Magistrate Judge Susan M. Bazis. (RMW) (Entered: 03/22/2023) |
| 03/22/2023 | 27 | FINAL PROGRESSION ORDER – Depositions due November 1, 2023. Status Conference set for 11/14/2023 at 01:00 PM by Telephone before Magistrate Judge |

| | | |
|---|---|---|
| | | Susan M. Bazis. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 26 .)Ordered by Magistrate Judge Susan M. Bazis. (MKR) (Entered: 03/22/2023) |
| 03/22/2023 | 28 | PROTECTIVE ORDER. Upon consideration of the parties' joint request for entry of a Protective Order, (Filing No. 25 ), the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action. Ordered by Magistrate Judge Susan M. Bazis. (MKR) (Entered: 03/22/2023) |
| 04/03/2023 | 29 | RESPONSE regarding MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 04/03/2023) |
| 04/03/2023 | 30 | STATEMENT regarding: Response 29 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 04/03/2023) |
| 04/03/2023 | 31 | DECLARATION regarding Response 29 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co.. (Attachments: # 1 Exhibit A1, # 2 Exhibit A2, # 3 Exhibit A3, # 4 Exhibit A4)(Moore, Scott) (Entered: 04/03/2023) |
| 04/03/2023 | 32 | BRIEF in support of Response 29 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 04/03/2023) |
| 04/03/2023 | 33 | MOTION for Judgment *on the Pleadings* by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 04/03/2023) |
| 04/03/2023 | 34 | STATEMENT regarding: MOTION for Judgment *on the Pleadings* 33 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 04/03/2023) |
| 04/03/2023 | 35 | BRIEF in support of MOTION for Judgment *on the Pleadings* 33 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 04/03/2023) |
| 04/03/2023 | 36 | DECLARATION regarding MOTION for Judgment *on the Pleadings* 33 by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co.. (Attachments: # 1 Exhibit A1, # 2 Exhibit A2, # 3 Exhibit A3, # 4 Exhibit A4)(Moore, Scott) (Entered: 04/03/2023) |
| 04/20/2023 | 37 | UNOPPOSED MOTION to Extend *Deadline for Plaintiff to File Response to Defendant's Motion for Judgment on The Pleadings* by Attorney Lucas J. Kaster on behalf of Plaintiff Todd DeGeer.(Kaster, Lucas) (Entered: 04/20/2023) |
| 04/21/2023 | 38 | TEXT ORDER granting 37 Motion to Extend. Plaintiff shall respond to the Motion for Judgment on the Pleadings 33 by May 15, 2023. Defendant shall file its reply brief by May 22, 2023. Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 04/21/2023) |
| 04/24/2023 | 39 | REPLY BRIEF in support of MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 by Attorney James H. Kaster on behalf |

| | | |
|---|---|---|
| | | of Plaintiff Todd DeGeer.(Kaster, James) (Entered: 04/24/2023) |
| 04/24/2023 | 40 | STATEMENT regarding: MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 *Plaintiff Supplemental Statement of Undisputed Facts ISO Motion for Partial Summary Judgment* by Attorney James H. Kaster on behalf of Plaintiff Todd DeGeer.(Kaster, James) (Entered: 04/24/2023) |
| 04/24/2023 | 41 | RESPONSE regarding MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 *Plaintiff Response to Defendant's Statement of Additional Material Facts ISO Partial Motion for Summary Judgment* by Attorney James H. Kaster on behalf of Plaintiff Todd DeGeer.(Kaster, James) (Entered: 04/24/2023) |
| 04/24/2023 | 42 | DECLARATION regarding MOTION for Partial Summary Judgment *On Defendant's Statute of Limitations Defense* 14 , Response, 41 , Statement, 40 , Reply Brief 39 by Attorney James H. Kaster on behalf of Plaintiff Todd DeGeer. (Attachments: # 1 Exhibit 1 – 2018.05.01 Expert Report from Dr. Jay Nitz filed with the Court on August 17, 2018, # 2 Exhibit 2 – Defendants Brief in Support of Motion to Exclude Report of Dr. Jay Neitz and for Protective Order on Discovery Related to Color Vision Field Test, # 3 Exhibit 3 – Defendants Motion for Protective Order on Discovery Related to Color Vision Field Test, # 4 Exhibit 4 – Plaintiffs Brief in Opposition to Defendants Motion to Exclude Report of Dr. Jay Neitz and for Protective Order, # 5 Exhibit 5 – Select pages of the deposition transcript of Dr. Richard Lewis dated May 8, 2018, filed on June 15, 2018, # 6 Exhibit 6 – 2015.05.25 Email entitled CVFS Failures Hoover and Goss filed on June 15, 2018, # 7 Exhibit 7 – Memorandum regarding Mr. Brent Hoover filed on June 15, 2018, as Exhibit 11 in the Harris v. Union Pacific matter at ECF No. 230–6, # 8 Exhibit 8 – Memorandum regarding Mr. Jacob Goss filed on June 15, 2018, as Exhibit 12 in the Harris v. Union Pacific matter at ECF No. 230–7, # 9 Exhibit 9 – Declaration of Charles A. Delbridge filed on June 15, 2018, in the Harris v. Union Pacific matter at ECF No. 229–1, # 10 Exhibit 10 – 2019.02.01 Court Memorandum and Order dated February 1, 2019, filed in the Harris v. Union Pacific matter at ECF No. 306, # 11 Exhibit 11 – Select pages of the 2017.03.28 30(b)(6) deposition of Dr. John Holland in the Harris v Union Pacific matter, # 12 Exhibit 12 – Declaration of Dr. John Holland filed on October 2, 2018, as Exhibit B in the Harris v. Union Pacific matter at ECF No. 261–71, # 13 Exhibit 13 – Declaration of Debra Gengler filed on October 2, 2018, as Exhibit D in the Harris v. Union Pacific matter at ECF No. 261–83)(Kaster, James) (Entered: 04/24/2023) |
| 04/28/2023 | 43 | NOTICE of *Service re Plaintiff Initial Disclosures* by Attorney Jacob Harksen on behalf of Plaintiff Todd DeGeer (Harksen, Jacob) (Entered: 04/28/2023) |
| 04/28/2023 | 44 | Certificate *of Service* by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 04/28/2023) |
| 05/15/2023 | 45 | RESPONSE regarding Statement 34 *Plaintiff Response to Defendant's Statement of Facts In Opposition to Defendant's Motion for Judgment on the Pleadings* by Attorney James H. Kaster on behalf of Plaintiff Todd DeGeer.(Kaster, James) (Entered: 05/15/2023) |

| | | |
|---|---|---|
| 05/15/2023 | 46 | BRIEF in opposition to MOTION for Judgment *on the Pleadings* 33 *Plaintiff Response Brief In Opposition to Defendant Motion for Judgment on the Pleadings* by Attorney James H. Kaster on behalf of Plaintiff Todd DeGeer.(Kaster, James) (Entered: 05/15/2023) |
| 05/15/2023 | 47 | DECLARATION regarding Brief, 46 , Response, 45 by Attorney James H. Kaster on behalf of Plaintiff Todd DeGeer. (Attachments:<br># 1 Exhibit 1 – Best Practices for Designing Vision Field Tests for Locomotive Engineers or Conductors, 80 Fed. Reg. 73122 (Nov. 24, 2015),<br># 2 Exhibit 2 – Excerpts from the Deposition Transcript of Dr. Jeff Rabin, taken in the matter of Blankinship v. Union Pacific Railroad Co., No. 4:21–cv–00072–RM (D. Ariz.) (Apr. 14, 2022),<br># 3 Exhibit 3 – Excerpts from the Deposition Transcript of Joseph D. Riley, taken in the matter of Zaragoza v. Union Pacific Railroad Co., No. 3:21–cv–00287–KC (W.D. Tex.) (Nov. 14, 2022),<br># 4 Exhibit 4 – A determination letter dated May 1, 2023, from the Equal Employment Opportunity Commission (EEOC) regarding Charge Number 444–2020–01544)(Kaster, James) (Entered: 05/15/2023) |
| 05/22/2023 | 48 | UNOPPOSED MOTION to Extend *Deadline to File Defendant's Reply Brief in Support Motion on the Pleadings* by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 05/22/2023) |
| 05/23/2023 | 49 | TEXT ORDER granting 48 Motion to Extend. Defendant shall file its reply brief in support of its Motion for Judgment on the Pleadings 33 by June 2, 2023. Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 05/23/2023) |
| 06/02/2023 | 50 | REPLY BRIEF in support of *12(C) Motion* by Attorney Scott P. Moore on behalf of Defendant Union Pacific Railroad Co..(Moore, Scott) (Entered: 06/02/2023) |
| 06/21/2023 | 51 | MEMORANDUM AND ORDER that plaintiff Todd DeGeer's Motion for Partial Summary Judgment (Filing No. 14 ) is denied. Defendant Union Pacific Railroad Co.'s Motion for Judgment on the Pleadings (Filing No. 33 ) is granted in part and denied in part. DeGeer's disability–discrimination claims are dismissed with prejudice as untimely. The motion is denied in all other respects. The Court does not reach UP's alternative arguments for dismissal. A separate judgment will issue. Ordered by Chief Judge Robert F. Rossiter, Jr. (JSF) (Entered: 06/21/2023) |
| 06/21/2023 | 52 | JUDGMENT – In accordance with the Memorandum and Order entered today (Filing No. 51 ), judgment is entered in favor of defendant Union Pacific Railroad Co. and against plaintiff Todd DeGeer. See Fed. R. Civ. P. 58(a). This case is dismissed with prejudice. Ordered by Chief Judge Robert F. Rossiter, Jr. (JSF) (Entered: 06/21/2023) |
| 07/12/2023 | 53 | NOTICE OF APPEAL regarding Judgment, 52 , Order on Motion for Judgment,,, Order on Motion for Partial Summary Judgment,, 51 by Attorney James H. Kaster on behalf of Plaintiff Todd DeGeer. Filing fee $ 505, receipt number ANEDC–4898849. (Kaster, James) (Entered: 07/12/2023) |
| 07/13/2023 | 54 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by Clerk to USCA regarding Notice of Appeal to USCA, 53 , Memorandum and Order 51 and Judgment 52 . Notice of Appeal filed on 7/12/2023 by Plaintiff Todd DeGeer. (MKR) (Entered: 07/13/2023) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD DEGEER, | | |
| Plaintiff, | | **8:23CV10** |
| v. | | |
| UNION PACIFIC RAILROAD CO., | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the Court on plaintiff Todd DeGeer's ("DeGeer") Motion for Partial Summary Judgment (Filing No. 14) on defendant Union Pacific Railroad Co.'s ("UP") Statute of Limitations Defense. *See* Fed. R. Civ. P. 56; NECivR 56.1. Also pending before the Court is UP's Motion for Judgment on the Pleadings (Filing No. 33), in which UP argues DeGeer's claims are not only untimely but also fail on the merits. *See* Fed. R. Civ. P. 12(c). For the reasons stated below, DeGeer's motion is denied, and UP's motion is granted in part and denied in part.

## I.     BACKGROUND

UP is a North American railroad headquartered in Omaha, Nebraska. Having joined UP in 1978, DeGeer most recently worked as a conductor in Phoenix, Arizona. DeGeer's job required him to read and interpret multicolored railroad traffic signal lights on signal masts. UP removed him from service in approximately June 2017 reportedly to comply with its regulatory safety requirements.

UP is subject to the Federal Railroad Safety Act of 1970 ("FRSA"), 49 U.S.C. § 20101 *et seq.*, which promotes safety in railroad operations and seeks to reduce railroad accidents. The FRSA and its implementing regulations set "minimum Federal safety standards for the eligibility, training, testing, certification and monitoring of" conductors. 49 C.F.R. § 242.1(b). As pertinent here, conductors must demonstrate the "ability to

recognize and distinguish between the colors of railroad signals . . . by successfully completing one of the tests" described in the regulations. *Id.* § 242.117(h)(3).

If an examinee fails to meet the standards specified for the chosen test, he "may be further evaluated as determined by the railroad's medical examiner." 49 C.F.R. § Pt. 242, App. D(4). Such further medical evaluation can include "another approved scientific screening test," "[o]phthalmologic referral, field testing, or other practical color testing . . . depending on the experience of the examinee." *Id.* An examinee has no right to endless tests in unchanged circumstances but "must have at least one opportunity to prove that a hearing or vision test failure does not mean the examinee cannot safely perform as a conductor." *Id.*

From the list of accepted tests, UP chose to administer the Ishihara (14-plate) test ("Ishihara test"). In 1999, UP supplemented the Ishihara test with a color vision field test ("CVFT") that required an examinee to identify ten wayside signal configurations in a preset order.

DeGeer has longstanding color-vision deficiency yet worked for UP with that condition for several years without incident. In 2014 or 2015, DeGeer failed the Ishihara test but passed the CVFT and continued to work.

In 2016, UP changed its standard field test in response to criticism it received in an accident report (Filing No. 36-1) from the National Transportation Safety Board ("NTSB"). On June 24, 2012, two UP trains collided near Goodwell, Oklahoma, killing three workers and causing millions of dollars in damages. As part of its investigation of the accident, the NTSB noted one of the engineers involved in the accident had multiple vision problems, including having failed an Ishihara test and suffering from "severe protanopia, also known as red-blindness." (Footnote omitted.) Further noting the engineer had passed the CVFT, the NTSB concluded UP "routinely relie[d] on a color vision field test of unknown validity, reliability, and comparability for medical certification of employees in safety-sensitive

2

positions." The NTSB also concluded the CVFT did "not evaluate a person's ability to accurately perceive signals under common but less than ideal situations, such as during adverse weather, after dark, or under glaring sun."

Based on its conclusion that the CVFT failed "to ensure that UP employees have adequate color perception to perform in safety-sensitive positions," the NTSB recommended UP replace the CVFT "with a test that has established and acceptable levels of validity, reliability, and comparability to ensure that certified employees in safety-sensitive positions have sufficient color discrimination to perform safely." The NTSB further recommended that UP take adequate safety measures while it developed a new test and retest those who had failed a primary color vision test when the new test was implemented. The NTSB also suggested that the Federal Railroad Administration ("FRA") should provide more guidance on field testing for safety-sensitive positions.

In March 2015, the FRA issued a report entitled "Railroad Signal Color and Orientation: Effects of Color Blindness and Criteria for Color Vision Field Tests" (Filing No. 36-2). The "report affirm[ed] that normal color vision is necessary for certain railroad employees, even if the signal system is completely redundant with regard to signal color and signal orientation." It also noted "employees with defective color vision have a much higher relative error risk than employees with normal color vision when viewing redundant signals (relative risk of an error is nearly 8,000,000 times higher for individuals with defective color vision)."

Later that year, the FRA issued interim guidance "to clarify provisions in its locomotive engineer and conductor qualification and certification regulations" with regard to vision standards and field testing. *See Best Practices for Designing Vision Field Tests for Locomotive Engineers or Conductors*, 80 FR 73122-01. The FRA reiterated its "longstanding view . . . that there are some people who, despite not meeting the vision threshold in 49 CFR 240.121(c) and 242.117(h), have sufficient residual visual capacity to safely perform as a locomotive engineer or conductor." *Id.* at 73123. Noting the best

practices were drafted broadly "to allow each railroad to develop field testing procedures" that fit its circumstances, the FRA encouraged "each railroad to consider adopting all best practices."

In 2016, UP implemented a new field test described as the Light Cannon Test ("LCT"). DeGeer questions the LCT's validity, reliability, and comparability in assessing whether an employee who failed an initial color-vision test can safely work as a conductor. UP defends its use of the LCT. In support, it points to a 2017 decision from the Locomotive Engineer Review Board that stated the LCT "is an adequate field test as contemplated by 49 C.F.R. Part 240, Appendix F, paragraph (4)" under the circumstances in that case (Filing No. 36-3).

In 2017, DeGeer again failed the Ishihara test. As an alternative, UP administered the LCT, which DeGeer also failed. UP imposed work restrictions on DeGeer that prohibited him from performing work that required accurate identification of colored railroad wayside signals. DeGeer could have appealed the denial of his recertification to the Operating Crew Review Board within 120 days of the decision but did not. *See* 49 C.F.R. § 242.501.

On July 7, 2017, UP listed DeGeer on a spreadsheet it provided in supplemental discovery in a putative class-action case filed by former UP employee Quinton Harris and others (the "*Harris* plaintiffs") in 2016. *See Harris v. Union Pacific*, 8:16CV381 (D. Neb). The *Harris* plaintiffs alleged UP's fitness-for-duty policies and practices led to widespread violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. They originally defined the ADA class they sought to represent under Federal Rule of Civil Procedure 23 as follows:

> Individuals who were removed from service over their objection, and/or suffered another adverse employment action, during their employment with Union Pacific for reasons related to a Fitness-for-Duty evaluation at any time from 300 days before the earliest date that a named Plaintiff filed an administrative charge of discrimination to the resolution of this action.

4

UP moved to dismiss and/or strike (Filing No. 87 in 8:16CV381) the *Harris* plaintiffs' ADA class-action allegations, arguing they were unable to meet the class-certification requirements of Rule 23 because "the assessment of whether each putative class member is a 'qualified individual with a disability' under the ADA and the assessment of damages for each class member involve inquiries too individualized and divergent to warrant class certification."  The Court denied the motion (Filing No. 111 in 8:16CV381), concluding dismissal "would be premature at this stage of the litigation."

On August 17, 2018, the *Harris* plaintiffs moved (Filing No. 240 in 8:16CV381) to certify a narrower class consisting of "All individuals who have been or will be subject to a fitness-for-duty examination as a result of a reportable health event at any time from September 18, 2014 until the final resolution of this action."  They sought certification of their disparate-treatment claim as alleged in Count I.  *See* 42 U.S.C. § 12112(a).  In support of their motion, the *Harris* plaintiffs included a declaration from DeGeer (Filing No. 17-3) briefly describing the disability discrimination he allegedly faced at UP due to the recent change to the LCT.  UP opposed class certification (Filing No. 259 in 8:16CV381), again arguing the *Harris* plaintiffs failed "to show that the putative class members have a disparate treatment claim that can be adjudicated on a classwide basis" under Rule 23.

Despite UP's objections, the Court granted the motion and certified the *Harris* class. UP appealed, decrying the "sprawling, diverse class of more than 7,000 current and former Union Pacific employees."  *See Harris v. Union Pac. R.R.*, 953 F.3d 1030, 1039 (8th Cir. 2020).  On March 24, 2020, the Eighth Circuit reversed the class-certification decision. *See Harris v. Union Pac. R.R.*, 953 F.3d 1030, 1039 (8th Cir. 2020).  On remand, UP successfully moved to sever the *Harris* plaintiffs' claims (Filing Nos. 331 and 340 in 8:16CV381).

The parties in this case agree (for our purposes) that DeGeer was in the original *Harris* class, and that his claims were tolled at least until the *Harris* plaintiffs moved to certify a narrower class.  *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)

(discussing tolling in class-action cases under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553 (1974)).  But they disagree as to whether DeGeer ever fit within the certified *Harris* class and what effect the motion to certify had on DeGeer's claims.

DeGeer notes the *Harris* plaintiffs repeatedly referred to the spreadsheets from UP containing DeGeer's name as "class lists," discussed the LCT in their briefing, and relied on DeGeer's declaration in support of class certification.  DeGeer also contends UP's discovery responses in *Harris* suggested DeGeer had a fitness-for-duty evaluation related to a reportable health event.

UP counters that it never described its spreadsheets as "class lists" and consistently maintained that providing the spreadsheets and other "over-inclusive" responses were not admissions that anyone listed was necessarily part of any asserted class (Filing Nos. 17-7, 17-9, 17-11, and 17-13).  According to UP, DeGeer was not in the certified *Harris* class because he specifically declared he was subject to a fitness-for-duty examination "as part of [his] routine FRA recertification," not because of a reportable health event under UP's medical rules.

After decertification, DeGeer filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 1, 2020.  That date is 623 days after the Harris plaintiffs moved for class certification and 38 days after the Eighth Circuit reversed the *Harris* class certification.  The EEOC issued DeGeer a Notice of Right to Sue on January 5, 2023.

DeGeer filed suit the next day, alleging multiple ADA violations and seeking a declaration that he was a member of the certified *Harris* class.  As DeGeer sees it, his claims were tolled until the Eighth Circuit decertified the class.  UP denies he was a member of the certified class and argues tolling stopped on his claims when the *Harris* plaintiffs narrowed the class in a way that excluded him and abandoned any other claims. UP contends DeGeer's claims are barred by the statute of limitations.

On February 20, 2023, DeGeer moved for partial summary judgment on UP's statute-of-limitations defense, arguing "DeGeer's claims were tolled until the Eighth Circuit" decertified the *Harris* class, which gave DeGeer 300 days to file his charge of discrimination. He alternatively argues that equity favors tolling his claims if he was not in the certified *Harris* class and that UP should be equitably and judicially estopped from asserting a statute-of-limitations defense.

UP not only opposes DeGeer's motion for partial summary judgment (Filing No. 32) but has also filed a motion for judgment on the pleadings. According to UP, DeGeer's claims are both untimely and fail on the merits. DeGeer responds that a merits challenge is premature, and the Court should decide the statute-of-limitation "issue on the basis of the briefs, evidence, and other documents already submitted in support of and in opposition to [his] Motion for Partial Summary Judgment under Rule 56, as the Rules require."[1]

Both motions are now fully briefed and ready for decision.

## II.   DISCUSSION

### A.      Standards of Review

In deciding a motion for judgment on the pleadings under Rule 12(c), the Court applies the same standard as for a motion to dismiss under Rule 12(b)(6). *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). The Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences in their favor. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Cargill, Inc.*, 61 F.4th 615, 619 (8th Cir. 2023) (noting

---

[1]In their apparent zeal to present the issues in this case in a favorable light and to have the Court decide them post haste, both parties have taken some unusual steps that have led to some procedural anomalies (such as unauthorized fact statements and improper and argumentative responses) and some broad objections in response. Despite that and the relatively complex procedural history in this case, the Court has tried to stay on track and has neither relied on any improper extraneous materials nor weighed the evidence in resolving each of the pending motions under the proper standard of review.

courts can consider matters that are incorporated into the pleadings by reference or are integral to a claim); *cf. Dittmer Properties, L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013) (explaining "courts are not strictly limited to the four corners of complaints" in adjudicating Rule 12(b) motions and listing several categories of information that can be considered without converting a Rule 12 motion into one for summary judgment). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Nat'l Union*, 61 F.4th at 619 (quoting *Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009)).

On a partial motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *See Walker-Swinton v. Philander Smith Coll.*, 62 F.4th 435, 438 (8th Cir. 2023). Summary judgment is required on an issue "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## B. Disability Discrimination

The ADA makes it unlawful for employers like UP to "discriminate against a qualified individual on the basis of disability in regard to" the "terms, conditions, and privileges of [their] employment." 42 U.S.C. § 12112(a)). To that end, it prohibits

> using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity.

*Id.* § 12112(b)(6).

Under the ADA, the term "disability" means "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1)). "[A] person is regarded as disabled if her employer mistakenly believes that she has a

8

physical impairment that substantially limits one or more major life activities or mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities." *Canning v. Creighton Univ.*, 995 F.3d 603, 614-15 (8th Cir. 2021).  DeGeer alleges all three.

The ADA requires an employee alleging disability discrimination "to file a complaint with the EEOC before filing a suit in federal court." *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 623 (8th Cir. 2019); *see also* 42 U.S.C. §§ 2000e-5(e)(1), 12117(a).  In general, the employee must file the discrimination charge "within 300 days of the alleged discriminatory act." *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 520 (8th Cir. 2011).

As noted above, DeGeer acknowledges he submitted his claims to the EEOC more than 300 hundred days after the alleged discriminatory acts in this case.  He argues the limitation period for his claims was tolled under the principles set forth in *American Pipe*, under which "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Crown, Cork & Seal*, 462 U.S. at 353-54 (quoting *American Pipe*, 414 U.S. at 554).  For DeGeer, the math is simple.  His discrimination claims were tolled until the *Harris* class was decertified.  And his EEOC discrimination charge—filed 38 days later—was timely.

UP agrees DeGeer's claims were tolled to a point but argues tolling ceased when the *Harris* plaintiffs moved to certify a narrower class on August 17, 2018,—a class that did not include DeGeer—and abandoned any claims beyond their disparate-treatment claim in Count I.  UP urges the Court to follow *Sawtell v. E.I. du Pont de Nemours & Co.*, 22 F.3d 248, 254 (10th Cir. 1994), and *Smith v. Pennington*, 352 F.3d 884, 894 (4th Cir. 2003), which UP posits establish the principle "that, when plaintiffs move for class certification utilizing a narrower definition than that asserted in their complaint, only the newly proposed class continues to be subject to *American Pipe* tolling." According to UP,

9

DeGeer had until June 13, 2019, to file his EEOC complaint.  Because he didn't file until May 2020, "his disparate treatment and disparate impact causes of action are time-barred and should be dismissed."  UP has had considerable success with that line of argument following decertification of the *Harris* class.  *See*, *e.g.*, *Zaragoza v. Union Pac. R.R.*, No. EP-21-CV-287-KC, 2023 WL 2062471, at *3-4, 7 (W.D. Tex. Feb. 17, 2023) (noting "[a]t least three other districts" had decided UP employees "who failed their color-vision testing during the FRA recertification process" were not included in the *Harris* certified class); *Donahue v. Union Pac. R.R.*, No. 21-CV-00448-MMC, 2022 WL 4292963, at *4-5 (N.D. Cal. Sept. 16, 2022), *motion for relief from judgment denied*, No. 21-CV-00448-MMC, 2022 WL 17478590 (N.D. Cal. Nov. 10, 2022); *Blankinship v. Union Pac. R.R.*, No. CV-21-00072-TUC-RM, 2022 WL 4079425, at *4-5 (D. Ariz. Sept. 6, 2022), *motion for relief from judgment denied*, No. CV-21-00072-TUC-RM, 2022 WL 16715467 (D. Ariz. Nov. 4, 2022).

DeGeer admits as much in his complaint but contends that UP has achieved that success by misrepresenting the record and making false claims and that those courts failed to properly apply the rule from *Sawtell/Smith* and the "bedrock principles" of *American Pipe*.  He also notes (1) most of those adverse decisions have been appealed, (2) the Eighth Circuit has not yet weighed in on the *Sawtell/Smith* approach, and (3) another district court denied UP's argument for dismissal of an unlawful-screening claim in a case involving a conductor who presented a risk of seizures after brain surgery because the district court concluded the original *Harris* complaint gave UP notice of his claim.  *See Brasier v. Union Pac. R.R.*, No. CV2100065TUCJGZMSA, 2023 WL 2754007, at *13 (D. Ariz. Mar. 31, 2023) (finding the employee's allegations "fell squarely within" the certified class definition).  To DeGeer, he was in the *Harris* certified class, and his claims are timely.

This case presents a close call, particularly in light of the lengthy history in this case and its present posture.  But after careful review, the Court finds UP has the stronger position on the tolling issues before the Court.  Assuming DeGeer is a qualified individual

and that his color-vision deficiency is a cognizable disability under the ADA in these circumstances, which is far from clear on this limited record, the Court concludes he was not a member of the certified *Harris* class.[2]  Try as he might, DeGeer cannot escape his sworn declaration that his fitness for duty evaluation was part of his routine FRA recertification and not the "result of a reportable health event."  *See Zaragoza*, 2023 WL 2062471, at *4-6.  His post hoc attempts to recharacterize the impetus for his failed vision tests and subsequent work restrictions are unpersuasive.  Under a reasonable and practical application of *American Pipe* tolling principles, the limitation period for DeGeer's ADA claims stopped tolling no later than February 5, 2019, when he and his claims were no longer part of the *Harris* class action.  DeGeer's EEOC discrimination charge—admittedly filed more than 300 days later—was untimely, and his ADA claims are time barred.

The Court also rejects DeGeer's brief argument that UP "is equitably estopped because of its representations during discovery, and judicially estopped because of its representations in the appeal, from asserting a statute of limitations defense."  The Court is satisfied that UP has been sufficiently clear under the circumstances about its position on the scope of the certified class and that UP did not concede that anyone listed on the spreadsheets it provided was part of any putative class.  *See Owen v. Union Pac. R.R.*, No. 8:19CV462, 2020 WL 6684504, at *5 n.2 (D. Neb. Nov. 12, 2020) (rejecting a judicial estoppel argument in similar circumstances).

Based on the foregoing,

IT IS ORDERED:

1.  Plaintiff Todd DeGeer's Motion for Partial Summary Judgment (Filing No. 14) is denied.

2.  Defendant Union Pacific Railroad Co.'s Motion for Judgment on the Pleadings (Filing No. 33) is granted in part and denied in part. DeGeer's disability-discrimination claims are dismissed with prejudice as untimely. The motion is denied in all other respects.

---

[2]The Court does not reach UP's alternative arguments for dismissal.

3.      A separate judgment will issue.

Dated this 21st day of June 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD DEGEER, | |
| Plaintiff, | **8:23CV10** |
| v. | |
| UNION PACIFIC RAILROAD CO., | **JUDGMENT** |
| Defendant. | |

In accordance with the Memorandum and Order entered today (Filing No. 51), judgment is entered in favor of defendant Union Pacific Railroad Co. and against plaintiff Todd DeGeer. *See* Fed. R. Civ. P. 58(a).  This case is dismissed with prejudice.

Dated this 21st day of June 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| Todd DeGeer, | Case No. 8:23-cv-00010-RFR-SMB |
| Plaintiff, | |
| v. | **PLAINTIFF'S NOTICE OF APPEAL** |
| Union Pacific Railroad Co., | |
| Defendant. | |

Notice is hereby given that Plaintiff Todd DeGeer, by and though his undersigned counsel, appeals to the United States Court of Appeals for the Eight Circuit from the Judgment entered in this action on June 21, 2023 (ECF No. 52) and from the Memorandum and Order entered in this action on June 21, 2023 (ECF No. 51).

Date: July 12, 2023

**NICHOLS KASTER, PLLP**

s/James H. Kaster
James H. Kaster* (MN 53946)
    kaster@nka.com
Lucas J. Kaster* (MN 396251)
    lkaster@nka.com
Jacob C. Harksen* (MN 0400097)
    jharksen@nka.com
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

* *admitted in D. Neb.*

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that I have filed or served copies of this Notice of Appeal upon the United States District Court for the District of Nebraska and all counsel of record electronically using the CM/ECF system.

Dated: July 12, 2023                                    s/James H. Kaster
                                                        James H. Kaster

2

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOTICE OF APPEAL (NOA) SUPPLEMENT
**DISTRICT OF NEBRASKA**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet
(or attach an amended docket sheet with the final style of case)

**Caption**:                                                    **Case Number**:

  DEGEER V UNION PACIFIC RAILROAD CO.         8:23CV10-RFR


**Appellant**:

  TODD DEGEER

**Attorney(s)**:

| |
|---|
| JAMES H. KASTER |
| LUCAS J. KASTER |
| JACOB C. HARKSEN |
| 80 SOUTH EIGHTH STREET |
| 4700 IDS CENTER |
| MINNEAPLOIS, MN 55402-2242 |
| (612) 256-3200 |

**Appellee**:

  UNION PACIFIC RAILROAD CO.

**Attorney(s)**:

| |
|---|
| ADDISON C. MCCAULERY |
| MARK J. GOLDSMITH |
| SCOTT P. MOORE |
| BAIRD, HOLM LAW FIRM |
| 1700 FARNAM STREET |
| SUITE 1500 |
| OMAHA, NE 68102 |
| (402) 344-0500 |

**Court Reporter(s)**:

| |
|---|
| N/A |

**Please return files and documents to**:

  OMAHA

**Person to contact about the appeal**:

  MARY ROUNDTREE

| Length of Trial | Fee | IFP | Pending IFP |
|---|---|---|---|
| N/A | Y | N | N |

| Counsel | Pending Motions | Local Interest | Simultaneous Release? |
|---|---|---|---|
| RETAINED | N | N | N |

**Criminal Cases/Prisoner Pro Se Cases only**:

**Is defendant incarcerated?**

| Where? | N/A |
|---|---|

**Please list all other defendants in this case if there were multiple defendants**

Click here to enter text.

**Special Comments**:

Forms-Appeal-NOA_Supplement
Approved Date: 12/22/14